Tredway vs. Allen.

---

TREDWAY, Adm'r &c., VS. ALLEN.

*Probate court—Extension of time for hearing of claims against estate.*

1. Under sec. 7, ch. 101, R. S., a county judge cannot extend the time for the examina-
   tion of a particular claim against an estate, on the application of a creditor who
   failed to present the claim within the period previously limited, unless such ap-
   plication is made within six months from the expiration of that period.

2. But where such application is made more than six months after the period limited, the judge may extend the time, as provided in section 6 of the same chapter, for the settlement of *all claims* against the estate. And where the order, in such a case, provides only for the examination of the petitioning creditor's claim, though irregular, it is not void for want of jurisdiction.

3. Where such order has not been appealed from, a subsequent crder of distribution which provides for the payment of a claim allowed in pursuance of such prior irregular order, will not be reversed on that ground.

APPEAL from the Circuit Court for *Dane* County.

The administrator of the estate of John T. Martin appealed to said court from so much of an order made by the county court of said county in June, 1865, providing for the distribution of certain moneys of the estate, as required him to pay to *Asa W. Allen* the sum of $1888. The claim thus ordered to be paid was allowed by the county court on the 17th of March, 1862. The circuit court affirmed the order; and the administrator appealed. The grounds of the appeal are sufficiently stated in tbe opinion.

*E. & C. T. Wakeley*, for appellant.

*Spooner & Lamb*, for respondent.

COLE, J. It is insisted that that portion of the order of distribution appealed from is erroneous and should be reversed, for the reason that the county judge, on the 17th day of March, 1862, had no power to allow or act upon the claim, and that his allowance thereof at that time was wholly unauthorized and void.

It appears that on the 29th day of September, 1860, letters of administration upon the estate of John T. Martin were issued, and at the same time an order was made giving the creditors of the estate eight months from that date to present their claims to the county judge for examination and allowance. The respondent, it appears, did not present his claim within the time limited in this order, which, it will be seen, would expire on the 29th day of May, 1861. On the 20th day of January, 1862, the respondent made an application to the

county court by petition, for the allowance of his claim, setting forth therein reasons, some intended evidently to excuse his failure to present his claim to the county judge within the eight months. It is not necessary to dwell upon the matters set up in the petition, to see whether they show any valid excuse for omitting to present the claim within the time limited by the order. For it appears that the county court, on this application thus made, appointed a time and place for examining the claim, and directed that a copy of the order should be served upon the administrator. Upon the hearing, on the 17th of March, 1862, (the administrator appearing by attorney and resisting the allowance of the claim,) the county judge examined and allowed the claim as a valid one against the estate. Was this action of the county judge wholly unauthorized and void, because he had no power or jurisdiction to act upon the claim at this time? An answer to this question requires reference to some provisions of our statute.

Section 5, chap. 101, R. S., declares that the county court shall allow such time as the circumstances of the case shall require, for the creditors to present their claims for examination and allowance, which time, in the first instance, shall not be more than eighteen months, nor less than six months; and the time allowed must be stated in the commission.

Section 6 of the same chapter provides, that the county court may extend the time allowed the creditors to present their claims as the circumstances of the case may require, but not so that the whole time shall exceed two years from the time of appointing commissioners to examine claims. While section 7 further provides that, on application of a creditor who has failed to present his claim, if made within six months from the time previously limited, the court may, for good cause shown, renew the commission and allow further time, not exceeding three months, to examine the claim, &c. It was doubtless intended to bring the application in this case within sec-

tion 7; but it was not made within six months from the 29th of May, 1861, the time originally limited in the order for the presentation of claims. It will be seen, however, that at the time the application was made, in January, 1862, it was perfectly competent for the county court to extend the time for the presentation of claims as to all the creditors of the estate. Instead of doing this, the court only extended the time for the respondent to present his claim. We are inclined to hold that this was merely an irregular or erroneous exercise of power on the part of the county court, and did not go to the question of jurisdiction. For, as already observed, when the respondent made his application to have his claim allowed, the county court, under section 6, had an undoubted right to extend the time for all creditors of the estate to come in and present their claims. The two years did not expire until the 29th of September, 1862. But, although the court assumed to proceed under section 7, and only extended the time as to the respondent, yet at most we think this was but error. Such being the case, that part of the order of distribution appealed from must be affirmed.

*By the Court.*—Order of the circuit court affirmed.