## The Massachusetts Mutual Life Insurance Company *vs.* The Estate of Matthew G. Elliot.

### September 14, 1877.

**Certiorari—Order Denying Application for .Further Time to Present Claim to Commissioners.**—An order of a probate court, denying the application of a creditor for further time within which to present a claim against the estate of a deceased person to the commissioners upon said estate, may be brought to this court for review, upon a writ of *certiorari.*

**Probate Court—Power to Renew Commission of Commissioners is Mandatory.**— Gen. St., *c.* 53, § 8, which gives power to probate courts, for good cause shown, to renew a commission, and allow further time for commissioners to examine claims, does not commit the power thus granted to the mere discretion of the probate courts, but is mandatory.

**Same—Same—Applicant for Renewal of Commission must use due Diligence.**— Upon the question of good cause, it is proper to inquire whether the applicant for the allowance of further time has been duly diligent in making his application. The facts of this case considered, and held to show a want of proper diligence on the part of the applicant in making an application of the kind mentioned, and to justify the refusal of the probate court to grant the same.

*Certiorari* to review an order of the probate court for Hennepin county, *Babcock, J.,* presiding, denying the application of the Massachusetts Mutual Life Insurance Company for the renewal of the commission of the commissioners of the estate of Matthew G. Elliot, deceased.

*Mead & Thompson,* for relator.

*Benton & Benton,* for respondent.

BERRY, J. This case is before us upon a writ of *certiorari,* issued to the probate court of Hennepin county, for the purpose of bringing up for review an order of that court denying the application of the Massachusetts Mutual Life Insurance Company for further time within which to present its claim to the commissioners upon the estate of Matthew G. Elliot.

A motion is made to quash the writ upon the ground that the proper remedy is by appeal to the district court. The claim that an appeal will lie is based on the fourth subdi-

vision of section 14, *c.* 49, Gen. St.   This subdivision gives an appeal from an order or judgment by which a "debt, claim, legacy, or distributive share is allowed, or payment thereof directed, or such allowance or direction refused, when the amount in controversy exceeds fifteen dollars."

This subdivision evidently refers to cases in which the merits of the debt or claim, etc., are passed upon, and not to a case like that in hand, in which the probate court denies a party an opportunity to present his claim that it may be passed upon.   It follows that in such case an appeal to the district court will not lie, and as an aggrieved party would otherwise have no recourse to the appellate jurisdiction of this court, a writ of *certiorari* will lie.

Gen. St. *c.* 53, § 8, provides that "on application of a creditor who has failed to present his claim, if made within six months from the time previously limited, and before the settlement of the final account of the administration of the estate, the court may, for good cause shown, renew the commission, and allow further time, not exceeding three months, for the commissioners to examine such claim."

We do not think the effect of the word "may" is to commit the power granted by this section to the mere discretion of the probate court.   But, inasmuch as the power is given for the sake of preventing a failure of substantial justice, and as a creditor applying under this section has a substantial interest in having the power exercised, the section is mandatory. Where the application is made within the time limited, and "good cause" is shown, it should be granted.   What is good cause is for the probate court to determine, in view of all the facts and circumstances of the case.   Among other things, it is proper, upon the question of good cause, to inquire whether the applicant has been duly diligent in making his application.   This inquiry is the more proper because the prompt and speedy settlement of estates is a general pervading and conspicuous purpose of our probate law, and because the provision under which applications for further time are

made, as in the case at bar, is exceptional, and infringes upon this general purpose.

In this case it appears that the applicant, the insurance company, learned of the death of Elliot more than two months before the expiration of the time allowed by the probate court for the presenting, to the commissioners, of claims against his estate. It further appears that more than two months elapsed after the company had learned of Elliot's death, before any steps whatever were taken towards the presentation to the commissioners of the company's claim; and there is nothing to show that the company made any inquiry for the purpose of ascertaining whether commissioners had been appointed, or what time was allowed for presenting claims, nor that it made any suitable effort to find out where Elliot died. Upon this state of facts it seems to us that the judge of probate was warranted in his conclusion "that no diligence was used by the company to present its claim to said commissioners during the time limited" for that purpose, "and that therefore sufficient cause has not been shown for a renewal of the commission."

The propriety of this conclusion is to our minds in no way affected by the fact that the company is a Massachusetts corporation, having its principal office in that state. This fact might furnish an excuse for such reasonable delay in presenting a claim as would be occasioned by the necessity of employing the mail for purposes of inquiry and transmission, but it could not furnish an excuse for a delay of two months. To allow so long delay would be to allow far more time than was necessary to enable the company to present its claim, in the exercise of moderate and ordinary diligence, and to put the company upon a footing better than that upon which the statute has seen fit to put a home creditor.

The claim which the company holds against the estate of Elliot is upon a bond executed by him and J. H. Baxton, with and as sureties for H. W. Baxton. It appears that the Baxtons are insolvent. The reason given for not presenting

the claim to the commissioners before the expiration of the time limited for presenting claims is, that up to the date of such expiration the company was endeavoring to collect the claim from Baxton; that he had promised to adjust it, and that the company believed he would adjust it, being led to this belief by his repeated promises, and the fact that from time to time he made payments on the claim to the amount of $1,400. These facts also fail in our opinion to excuse the company's delay. They furnish no excuse for the company's want of diligence and ordinary business promptness in inquiring into the date of Elliot's death, the position of his estate, and the time within which it was necessary for its claim to be presented according to law. They in no degree do away with the fact that for two months after learning that Elliot was dead the company did nothing, and tried to do nothing, in the direction of making either of the inquiries mentioned, or in presenting its claim. We are unable to see wherein the company's case is distinguishable on its merits from that of a Minnesota creditor of Elliot's estate, holding a claim analogous to that of the company, and for like reasons and under like circumstances suffering the time limited for presenting claims to elapse without lifting a finger in the way of bringing his claim before the commissioners.

The order denying the company's application is accordingly affirmed, and the order staying proceedings is discharged.

GILFILLAN, C. J., *dissenting.* I think the fact that the company was making an honest and reasonable endeavor, with good grounds to believe in its success, to collect the whole debt from the principal debtor, was a good excuse for not proceeding at once against the estate of the surety, and that the application ought to have been allowed.