STATE OF MINNESOTA *ex rel.* George D. Perkins *vs.* PROBATE COURT OF HENNEPIN COUNTY.

October 26, 1881.

Certiorari—Order of Probate Court Extending Time to Present Claims.
  Where, after the expiration of the time previously allowed for creditors to present their claims against a decedent's estate, a probate court makes an order granting a creditor further time within which to present his claim, the validity of such order may be questioned and determined upon an appeal to the district court from the order allowing such claim, or from the order directing its payment, (it being in excess of $15,) and the determination of the district court may be reviewed upon appeal to this court. Hence, a writ of *certiorari* from this court will not lie to bring such order granting further time before this court for review.

*Certiorari* to probate court of Hennepin county.

*Fish & Ovitt*, for relator.

*P. M. Babcock*, for respondent.

BERRY, J.   The time previously allowed for creditors to present their claims against the estate of Robert S. Alden, deceased, having expired, the probate court of Hennepin county made an order—*First,* granting Barton, an alleged creditor, further time within which to present his claims; and, *second,* allowing the same against said estate.   The petitioner, insisting that the court had no authority to grant such further time in the circumstances of the case, sued out a writ of *certiorari* from this court for the purpose of bringing up the order granting the same, for review.

The respondent moves to quash the writ, upon the ground that the petitioner's remedy is by appeal.   The motion must be granted. The appellate jurisdiction of this court will not be exercised through

the writ of *certiorari* in any case in which it can be adequately invoked by appeal. The statutes regulating appeals from proceedings in probate courts make no provision for a direct appeal from an order granting further time for the presentation of claims against a decedent's estate. But they do provide for an appeal to the district court from an order allowing a claim against a decedent's estate, and also for an appeal from an order directing the payment of such claim when the amount directed to be paid exceeds (as in the present case) 15 dollars. Gen. St. 1878, *c.* 53, §§ 21, 24; *c.* 49, § 13. Where the judge of probate acts as a commissioner (as he did in this instance) under Laws 1879, *c.* 69, then an order allowing claims is to be entered as provided in Gen. St. 1878, *c.* 53, § 21; and under section 24 of the same chapter this order may be appealed from within 60 days from the time when it is so entered. The order directing payment of a claim may, under Gen. St. 1878, *c.* 49, § 15, be appealed from within 60 days after notice thereof.

Upon either of these appeals we are of opinion that the question of the validity of an order granting further time for the presentation of claims against a decedent's estate may be raised and determined in the district court, and such determination may be reviewed upon appeal to this court. *Tredway* v. *Allen*, 20 Wis. 475. For the purpose of raising such question and having it determined, the proceedings of the probate court in granting further time may be brought before the district court by transcript or other authentic evidence. If, in this case, (a fact which the respondent's answer leaves in some uncertainty,) the time for appealing from the order allowing claims which is provided for in Gen. St. 1878, *c.* 53, § 21, has expired, the relator may still have recourse to an appeal from the order directing payment of Barton's claim, whenever it shall be made. This case is clearly distinguishable from *Mass. Mut. Life Ins. Co.* v. *Estate of Elliott*, 24 Minn. 134, cited by petitioner. In that case the probate court *refused* to grant further time for the presentation of a claim against a decedent's estate. The order of refusal could not be reached, for the purpose of a review, upon an appeal from the allowance of any claim or claims, nor, as held in the opinion of this court in the case cited, upon an appeal from an order or judgment, under

Gen. St. 1878, *c.* 49, § 13. The refusal furnished no ground of objection to such allowance under a judgment. No way of reviewing the order of refusal upon appeal being provided, it was held that the party aggrieved by it was entitled to a *certiorari*, since without it he would have no recourse to the appellate jurisdiction of this court.

The writ is quashed; but as the case goes off upon an important question of practice, which is not only new here but presents considerable difficulty, especially in view of the unsatisfactory condition of our probate law, no costs are allowed.