Cassius C. Gibson and another, Petitioners, *vs.* Mary A. Brennan and others, Administrators.

April 8, 1891.

Appeal—Facts to be Presented.—This court will not attempt to review the action of an inferior tribunal upon a matter wholly within its discretion, unless all of the facts and circumstances which may have actuated the court below are presented.

Estates of Decedents—Relief from Failure to Present Claim—Showing to be Made.—Good cause must be shown by one who seeks relief, as authorized by the second paragraph of section 102, c. 46, Laws 1889, (the Probate Code,) from a failure to present a claim against the estate of a deceased person within the period of time originally fixed for such presentation. With respect to his claim, and as to matters of form, he must, at least, comply with the various provisions of section 104, c. 46, *supra.*

*Certiorari* to the probate court of Ramsey county.

*Steele & Reese,* for relators.

*Albert M. Scott,* for respondents.

Collins, J.[1]   Writ of *certiorari* to the probate court for Ramsey county. From the petition filed in this court and the return made by the probate court, it can be gathered that one Thomas Brennan departed this life some time (date not given) in the month of March, 1889; that thereafter the said court appointed three persons as the administrators of his estate; that on the 28th day of August, 1890,

---

[1] Mitchell, J., being absent, took no part in this decision.

on the petition of these relators, an order to show cause why the time for filing claims against the estate of said deceased should not be extended, was issued, addressed to and served upon said administrators, and that upon a hearing of said order, September 2d, the petition was denied. It is this act of the probate court which we are called upon to review, and it must be affirmed for several reasons. In the record before us, consisting of the petition for the writ, the writ itself, and a return thereto, there is nothing whatever from which we can learn when letters of administration were issued in the matter of said estate, or when the time originally fixed by the court, in accordance with the provisions of section 102, *c.* 46, Laws 1889, (the Probate Code,) for the presentation of claims against the estate, expired, or even that such period of time had in fact expired, when the order to show cause was disposed of; for, from the application made below, on which was based the order, and from the petition presented in this court, it might easily be inferred that the petitioners supposed they could not properly present a claim growing out of their contract with the deceased until the 1st day of November, 1890, and for that reason alone were desirous of keeping the matter open until that day should come, and their claim mature. Upon all these points, some of which undoubtedly influenced the probate court when it made an order purely discretionary, that court was fully advised, and we ought not to be asked to review its action, unless put in possession of the surrounding facts and circumstances. The omission to furnish this court with the information on which the court below acted is of itself sufficient to warrant an affirmance of its order.

It is therefore unnecessary, but may not be out of place, to refer to some other matters which were apparent in the probate court, and which completely justified its refusal to grant the petitioners' application for an extension of time.

By the express provisions of section 102, *supra,* no claim or demand against an estate can be received after the expiration of the period of time originally fixed therefor, except for good cause shown. If such cause be shown, the authority rests in the court, upon due notice to the executor or administrator, to receive and pass upon the claim or demand. When the court is asked to exercise its dis-

·cretion, there must be presented not only a claim or demand against the estate, but good cause for opening the default, and for relieving the applicant from apparent neglect as well. If the relief demanded be refused, notwithstanding the requisites above mentioned have been scrupulously complied with, this court would not interfere with the ·conclusion of the one having original jurisdiction, unless there had been a clear abuse of its discretion. But neither of these requisites was made to appear by the application on which the probate court .acted. Two claims were attempted to be set ·up,—one for a balance which the petitioners aver was shown to be due them by the books ·of the deceased, and the other growing out of the furnishing of cer-tain supplies by the deceased in his lifetime to the petitioners in accordance with the terms of the contract before referred to. No effort was made to comply with the provisions of section 104, *c.* 46, *supra*, and until this was done the court would not be justified in .either extending the time, or in considering that any claim or demand had been presented which it could receive or pass upon. One who attempts to be relieved from a failure to file a claim or demand against an estate, as authorized by the second paragraph of said section 102, must, at least, comply with the various provisions of section 104, in matters of form. Good cause was not shown, either in reference to the requisites above mentioned, or with respect to the reason why the petitioners had failed to exhibit their demand .against the estate within the time allowed and fixed by the court when it issued letters of administration. From an examination ·of that part of the contract, before referred to, which provided for the furnishing of supplies to the petitioners at fair and reasonable prices, the value thereof to be deducted from the first payments due them, (on the 1st day of January of each year,) it is difficult to imagine an excuse for the supposition, said to have been indulged in by the petitioners, that they had no claim against the estate until the contract had been fully completed.

The probate court determined the application correctly.

Writ quashed.