ST. CROIX BOOM CORPORATION *vs.* E. S. BROWN and others, Executors.

October 26, 1891.

Estates of Decedents — Enlargement of Time for Receiving Claim — Laches.—Upon examination of the papers on which application was made to a probate court, in the matter of the estate of a deceased person, that said court receive, hear, and allow a claim against the deceased several months after the expiration of the period of time duly fixed for the presentation of such claims, it is *held* that the court did not err in its order dismissing the application and rejecting the claim on the ground that good cause had not been shown, and that no sufficient excuse had been given for the failure to present the claim within the prescribed period of time.

*Certiorari* to the probate court of Washington county.

*Clapp & Macartney*, for petitioner.

*Searles & Gail*, for respondents.

COLLINS, J.  Writ of *certiorari* to the probate court of Washington county.  Martin Mower, a resident of that county, departed this life on July 28, 1890, leaving a valuable estate.  The last will and testament of said deceased was duly admitted to probate, and on September 15th letters testamentary were duly issued to the persons designated in the will as executors.  In compliance with the provisions of section 102 of the Probate Code, (Laws 1889, *c.* 46,) there was made, on the same day, an order of the court limiting the time within which all claims against the deceased were to be filed to seven months from date, of which order due notice was given.  As will be observed, the period of time fixed for creditors to present their claims for allowance expired April 15, 1891, under this order.  In June following the executors filed their final account, with a petition asking that it be examined and allowed, and that the estate be duly assigned and distributed in form.  This petition was heard at 10 A. M., July 27th, the account was examined and found correct, no one appearing to oppose any of the proceedings until nearly 11 o'clock, when a claim against the deceased for a large sum of money, with an application that it be allowed, was presented by this petitioner, a corporation in which Mr. Mower had been a large stockholder in his lifetime, and of which he had been a

director and the president for several years prior to April 2, 1890, when he resigned. The probate court ordered a hearing upon the application, (see the last paragraph of section 102 aforesaid,) and proceedings were had in reference thereto on different days prior to August 28th, when the court made its order dismissing the application and rejecting the claim, on the ground that good cause had not been shown why it should receive, hear, or allow the claim at that late day, and that no sufficient excuse had been given why it was not presented for allowance within the period of time prescribed by the order of September 15th. It is this order which we are now called upon to review.

As before stated, the deceased was in his lifetime, and for many years, a director and the president of the petitioner corporation. He was the owner of a majority of the stock shares. While he was such owner and director and president, one Richardson, a nephew, was also a director and was the secretary and treasurer of the corporation. The claim against the deceased, before referred to as having been presented July 27th, was founded upon alleged misappropriations and peculations by Richardson while acting as secretary and treasurer, for which it was asserted the deceased had become liable through official neglect and misconduct. Later the claim was increased in amount by including a sum of money alleged to be due the corporation from the deceased on his own account.

At times during the proceedings in probate court the respondents interposed objections and motions, which were overruled and denied, but of these nothing more need be said. The determination here is based on the ground taken below, that good cause was not shown why the claim should be received, heard, or allowed after the expiration of the period of time fixed, generally, for that purpose. The date of the decease, that of the probating of the will, the appointment of executors, and making an order declaring that all claims against the deceased should be presented within seven months thereafter, have been stated. The petitioner corporation had its office in the county wherein Mr. Mower lived and died, and nearly all of its stockholders resided there, as did the directors who succeeded Mower and others in April, 1890. It is safe to assert that these officers and stockhold-

ers had personal knowledge of the death, and of the various steps as
they were taken in the probate court.   Richardson was continued in
office until the annual election in December, 1890, when he was super-
seded by one McClure.   It is averred in the application that all books
of account pertaining to corporation affairs prior to April 2, 1890,
were kept and retained by Richardson until about February 7, 1891,
when they were delivered to his successor in office, McClure.   It is
also averred in the application that after the latter obtained posses-
sion of these books—the exact time not being set forth—he discovered
that funds of the corporation had been misappropriated by Richard-
son, and that immediately afterwards a committee of stock owners
was appointed to investigate the books, and to ascertain the amount
of the misappropriations.   It is also alleged in the application that
this committee, with the aid of experts, were unable to complete their
investigation so as to *definitely* determine the amount of the pecula-
tions until on or about July 25th.   From the order of the court now
under consideration it appears that the fact of the misappropriation
of funds by Richardson was discovered early in the month of Febru-
ary, more than two months before the expiration of the period of time
within which claims were required to be filed.   And a committee was
at once appointed to discover the amount thereof.   The only reason
given for the failure of the new board of directors to discover the true
situation of affairs after its members came into office, in April, 1890,
and prior to February 2, 1891, was that Richardson retained posses-
sion of the books until the day last named.   The only reason given
for the failure to present the claim based upon a misappropriation
of funds by Richardson is that, although diligently prosecuting an
investigation of the books, the committee appointed in the month of
February could not definitely determine the amount so misappropri-
ated until about the 25th of July, 1891.   No reason whatever seems
to have been offered for the failure to present the claim against the
deceased, based on his own account.

The question before the probate court was whether good cause
had been shown for extending in fact the period of time within which
claims should be presented for allowance.   By statute the court may,
in its discretion, receive, hear, and allow a claim after the time

previously fixed for such purpose has expired. But the rules to govern the probate court in such a case and under the old statute (Gen. St. c. 53, § 8) were formulated and announced in *Mass. Mut. Life Ins. Co.* v. *Elliot;* 24 Minn. 134. It was there held that when good cause had been shown the application should be granted, that the court should determine the question in view of the facts and circumstances before it, and that it was proper to inquire whether the applicant had been duly diligent in the matter. The reasons for such views are clearly expressed in the opinion, and are pertinent in all cases of this character. The statute then being considered was, in substance, that now in force, although the legislature has attempted, perhaps, in the new Code, to make the granting or rejection of the application more a matter of discretion than it formerly was. See, also, *Gibson* v. *Brennan*, 46 Minn. 92, (48 N. W. Rep. 460.) More than two months elapsed after an alleged discovery that the former treasurer of the petitioner had misappropriated its moneys before the time expired within which all claims against the deceased should have been presented. More than two months later the executors, supposing their labors at an end, presented their final account to the court, asking its allowance, and that the residue of the estate be assigned and distributed under the terms of the will. The day for the hearing of this application—more than a month thereafter—was reached, the account was examined and found correct, there being no opposition, and the court was about to make its final order and decree, when the petitioner herein first asserted itself by laying its claim before the court, and asking that it be considered and allowed. It should have been presented at least three and one-half months earlier, and no sufficient excuse was given or good cause shown for the failure to so present it. While the petitioner's committee and its expert may not have been able to ascertain *definitely* the exact amount of the peculations prior to July 25th, enough is disclosed to show that they were, or should have been, in possession of sufficient facts upon which to base their claim long before the 15th of April. The probate court properly exercised its discretion in this proceeding.

Writ quashed.