C. B. SMITH and Others v. HARRY E. PENCE and Others, Executors.[1]

Oct. 30, 1895.

Nos. 9677—(234).

**Probate Court—Appealable Order.**

Certain disputes and controversies having arisen between the persons interested in the estate of one Pence as to the construction of his will, and as to the allowance of a certain claim against the estate of the deceased, in which controversies the appellants had performed services as attorneys for some of the contestants, all parties interested in the estate agreed in writing upon a settlement and adjustment of all matters in dispute, in which, among other things, they agreed that the executors should pay out of the estate the reasonable attorney's fees of appellants for the services thus rendered; all attorney's fees paid to be subject to allowance and approval by the probate court. In pursuance of this agreement the appellants presented their claim for fees to the probate court for allowance and approval. The court disallowed and disapproved it in part, and from such order of disallowance the appellants appealed to the district court. *Held*, that the order was not appealable, that it was not an order disallowing a claim of a creditor of the estate, within the meaning of G. S. 1894, § 4665.

Appeal by C. B. Smith and others from an order of the district court for Hennepin county, Belden, J., dismissing their appeal from an order of the probate court. Affirmed.

*Smith, Pulliam & Smith,* for appellants.

*Shaw & Cray,* for respondents.

BUCK, J. The respondents are executors under the will of John W. Pence, who died May 25, 1893, testate, and his will was admitted to probate in the probate court of Hennepin county on July 31, 1893. He did not leave, surviving him, either wife, child, father, or mother. The estate which he left was very large and valuable; and after his decease there were 21 persons who claimed an interest in it, either as heirs or devisees, among whom were each of the executors. It was conceded and agreed by all of the parties interested in the estate that the provisions of the will of the testator,

[1] Reported in 64 N. W. 822.

John W. Pence, were confused and ambiguous, and the construction thereof doubtful as to the legatees and devisees intended, and as to the real purpose of certain of the legacies and devises therein named, and that certain of the provisions of the will were of doubtful validity, whereby contentions were likely to arise between the interested parties, as well as long-continued and expensive litigation, and ill feeling between the said parties would probably be engendered in the settlement and distribution of the estate. For these reasons all of the parties interested in the estate agreed in writing upon an amicable settlement and distribution of the estate. In addition to the ambiguity existing in the provisions of the will, one of the heirs and devisees presented a claim against the estate of $50,000, which claim was objected to by all or some of the other interested parties. This claim was to be adjusted by the terms of the written settlement, it being alleged in said agreement that the interests of all parties would best be subserved by such an amicable settlement and compromise of all conflicting claims existing in connection with the estate. The agreement is quite lengthy, and contains many provisions bearing upon the matters in controversy, but which we do not deem necessary to state at length.

Prior to the time of the execution of this agreement for settlement and distribution of the estate, these appellants had rendered legal services for some of the parties interested in the estate, and the agreement contained a clause in reference to their being paid for such services, as well as that other expenses should be paid. The clause in the agreement in reference to such matters is as follows: "Now, therefore, in consideration of the premises and of the mutual covenants and agreements of the parties hereto, each with the others, and each with all of the others, it is hereby agreed that the executors of said will and estate may and shall out of said estate, pay all of the expenses of the administration of said estate, and of the settlement and distribution thereof, including the reasonable fees of their attorneys, and of Smith, Pulliam and Smith of Minneapolis, * * * for services rendered said parties in and about said estate,—all attorney's fees paid to be subject to allowance and approval by the probate court." The agreement was signed by the executors in their personal and individual capacity, and not as executors; but it also contained this clause: "And it is further

agreed that the said executors may and shall make the payments hereinbefore specified out of the property and money belonging to said estate coming into their hands. * * * But it is expressly understood and agreed that the executors of said estate, in their administration thereof, shall and will be bound and concluded by the judgment, orders, and decrees of said probate court or such appellate court or courts as may have revisory jurisdiction upon and over the judgments, orders and decrees of said probate court in respect to the administration, distribution, and assignment of said estate."

The terms of this agreement appear to have been performed, except that the amount of the attorney's fees allowed to these appellants by the probate court was only the sum of $1,000. The amount of their claim filed in the probate court for fees was $2,500, the difference of $1,500 being disallowed by the court, and from such disallowance the appellants appealed to the district court, where the appeal was dismissed, and from the order of dismissal the appellants appeal to this court.

This claim is not one against the deceased testator, because it did not accrue in the lifetime of the deceased, and is not such a claim as could be presented against his estate in the ordinary proceedings under the Probate Code. Hence such an order by the probate court was not one disallowing the claim of a creditor of the estate, within the meaning of G. S. 1894, § 4665, and therefore the order was not appealable.

The order of the trial court dismissing the appeal is affirmed.