STATE OF MINNESOTA ex rel. FRANK M. SMITH, Administrator, v. PROBATE COURT OF MOWER COUNTY.

June 3, 1898.

Nos. 11,033—(136).

**Certiorari—Order of Probate Court—Extending Time to File Claim.**
Certiorari will not lie to review an order of the probate court whereby, after a claim against the estate of a deceased person had been filed for allowance, and after the time fixed for presentation of claims had expired, it permitted such claim to be amended upon the petition of third parties having an interest in the same.

**Same—Remedy by Appeal.**
The remedy is ample by an appeal from the order allowing the claim, if there be such an order made.

Appeal by relator, administrator of the estate of Daniel B. Smith, deceased, from an order of the district court for Mower county, Whytock, J., quashing a writ of certiorari issued out of that court to the probate court of that county, and affirming an order of the probate court allowing the amendment of a claim. Affirmed.

*Alva R. Hunt,* for appellant.

*S. D. Catherwood,* for respondent.

COLLINS, J.

Appeal from an order of the district court of Mower county quashing a writ of certiorari issued and directed to the probate court of the same county. From a somewhat defective paper book we find that, within the time fixed by said probate court, a certain corporation filed for allowance a somewhat informally prepared claim against the estate of one Smith, deceased, who had in his lifetime been one of its six stockholders, to which the relator administrator filed objections. After the time for filing claims expired,

but before that in question had been passed upon, the surviving stockholders, five in number, alleging an interest in the claim, petitioned the court to extend the time so that they might amend the same, as filed, so that it should be properly itemized and verified. The petition was granted, and a day fixed for an examination and hearing. Thereupon the writ of certiorari was issued, as before stated.

The order appealed from must be affirmed. Certiorari, as has been stated hundreds of times, is an extraordinary remedy, and cannot be resorted to except where there is no other mode of relief, —no other adequate remedy,—and then only after a final judgment or a final order affecting a substantial right. The order determines nothing in respect to the merits of the claim. The estate has not been affected or injured by it, and when the merits are reached and passed upon the present appellant may have no cause for complaint; the estate may not be aggrieved or prejudiced. If, upon the other hand, the claim, as filed under the order, should be allowed, the remedy is ample, and is by appeal; for, should either party appeal, the right of the court to grant the petition and make the order complained of would of necessity be directly involved. The remedy, if a remedy becomes necessary, is by appeal, and certiorari will not lie.

Order affirmed.