STATE ex rel. SAMUEL NEUMAN v. PROBATE COURT OF RAMSEY COUNTY and Others.

April 27, 1899.

Nos. 11,615—(165).

Account of Deceased Executor—Fees for Contesting Account—Order not Appealable—Certiorari.

B., the executor of the estate of F., died without filing his account in the probate court. Thereupon N. was appointed administrator de bonis non of the estate of F., H. was appointed administrator of the estate of B., and the probate court ordered H. to file in the estate of F. an account of the receipts and disbursements of B. as such executor. H. did so, the account was contested, and the court, after a hearing, decided that, at the time of his death, B., as executor, was chargeable with a balance of $1,-

858.92 due from him to the estate of F. Thereupon the court allowed H. compensation and attorney's fees out of the estate of F. for such accounting, and ordered N. to pay the same. *Held*:

1. The order allowing such compensation and attorney's fees is not appealable, and therefore may be reviewed by certiorari.

2. H. stood in the shoes of B. in making such accounting, and is not entitled to compensation or attorney's fees out of the estate of F.

3. The petition for the writ of certiorari shows error upon its face, and is sufficient.

Writ of certiorari from the district court for Ramsey county to the probate court of that county, and Paul Hauser, Jr., as administrator of the estate of William Banholzer, deceased, to review an order of the probate court, Willrich, J. The case was tried before Kelly, J., who ordered judgment in part affirming, and in part reversing, the order sought to be reviewed; and from a judgment entered in pursuance of the order of the district court, respondents appealed. Affirmed.

*Humphrey Barton* and *Moritz Heim*, for appellants.

*O. E. Holman*, for respondent.

CANTY, J.

Andreas Foos died testate in September, 1893, his will was admitted to probate, and William Banholzer was appointed his executor. Banholzer accepted the trust, and acted as such executor until the time of his death, in July, 1897. Thereafter, in the same month, Samuel Neuman was appointed administrator de bonis non of the estate of Foos, and has since acted as such. Thereafter, in October, 1897, Paul Hauser, Jr., was appointed administrator of the estate of Banholzer, and has since acted as such. Although Banholzer acted as such executor for nearly four years, he never filed any account in the probate court, and Hauser, as his administrator, never filed any account of the administration of Banholzer as such executor, as required by Laws 1897, c. 231, § 1, until compelled to do so by the probate court.

On December 31, 1897, Neuman, as adminstrator of the Foos estate, petitioned the probate court for an order compelling Hauser to file an account of the receipts and disbursements of Banholzer as such executor. On being cited in, Hauser resisted the application,

but the court ordered him to file the account, and he did so. It appears that Foos left real estate the income of which amounted to about $4,000 per year, and in this account Hauser admitted that Banholzer, as such executor, had collected and received $15,853.50; but it was claimed that he paid out $19,082.74, that his services were worth $3,000, and that, therefore, there was a balance of $6,229.24 due from the estate of Foos to the estate of Banholzer. Neuman, as administrator, disputed this account, and a hearing was had thereon, in the probate court, which lasted six days. Thereupon the court decided that, at the time of his death, Banholzer, as such executor, was chargeable with a balance of $3,858.92, and that the value of his services was $2,000, leaving a net balance of $1,858.92, for which the judgment of the probate court was awarded in favor of the Foos estate, and against the Banholzer estate.

In the Foos estate, in the probate court, Hauser thereafter filed a petition in which he states that he found it necessary to employ Moritz Heim and Humphrey Barton, two attorneys at law, to assist him in making said accounting; that he did so employ them, and they did so assist him; and that the estate of Banholzer is insolvent, and has no funds or assets to pay for the services rendered in making said accounting; and he asked the court to ascertain and fix the amount due to the petitioner and his attorneys for the services rendered by them in making the accounting. A hearing was had on this petition, and thereupon the court allowed petitioner $100 for his services, Barton $250, and Heim $100, and ordered Neuman, as administrator, to pay these amounts out of the Foos estate, "as an expense of administration thereof."

Thereupon Neuman, as administrator, sued a writ of certiorari out of the district court to review the order so allowing said sums, and on the return thereto the district court affirmed said order so far as it allowed the $100 to Hauser for his services, but reversed it so far as it allowed said sums to said attorneys. From the judgment entered thereon, Hauser appeals to this court.

1. The order of the probate court was not appealable (see Smith v. Pence, 62 Minn. 321, 64 N. W. 822), and therefore could be reviewed by certiorari.

2. In our opinion, the judgment of the district court should be affirmed. The contest over the accounting was in the nature of an action in equity by the administrator of the one estate against the administrator of the other estate, to compel an accounting and to obtain judgment for the balance found due. There is no more reason why a defendant administrator should be awarded attorney's fees against the plaintiff in such an action than in any other action. It is immaterial that the plaintiff, also, is an administrator of an estate, and it is also immaterial that the action for an accounting is in the probate court instead of some other court of equity, such as the district court. Hauser is administrator of the Banholzer estate, not of the Foos estate, but, if appellant's position is correct, the Foos estate must not only compensate its own administrator and his attorneys for protecting it, but must also compensate the hostile administrator of the Banholzer estate and his attorneys for attempting to have the funds of the former estate awarded to the latter.

An executor or administrator takes his office with its burdens as as well as its benefits, and the fact that the estate he represents is insolvent is no reason why he should receive compensation from the opposite party in any litigation which may arise. In making the accounting provided for by section 1 of said chapter 231, the executor or administrator of the deceased executor or administrator stands in the shoes of the latter, and is entitled to receive for the latter's estate any balance of fees or compensation that would be due the latter if he still lived and had made the accounting himself, and is entitled to a reasonable compensation for making the accounting. But that compensation should be paid out of the estate of the latter.

3. We are also of the opinion that the petition for the writ of certiorari is sufficient. It sets out the above-recited facts, from which, as we hold, it appears that the order of the probate court is erroneous and contrary to law. See 4 Enc. Pl. & Pr. 147.

Judgment affirmed.