STATE EX REL. F. L. KLEMER AND ANOTHER v. DISTRICT COURT OF RICE COUNTY AND ANOTHER.[1]

January 14, 1916.

Nos. 19,692—(259).

**Workmen's Compensation Act — writ of certiorari.**

> Writ of *certiorari* to review an intermediate order made by the district court of Rice county in a proceeding under the Workmen's Compensation Act. As the writ lies only to a final decision or judgment and the district court had made no such decision, it was prematurely issued.

Upon the relation of F. L. Klemer and H. F. Klemer, doing business as Klemer Brothers, this court granted its writ of *certiorari* to review the action of the district court for Rice county, Childress, J., in overruling their demurrer to the petition in the matter of compensation under the Workmen's Compensation Act for injury to Hans Wester, employee, against relators, employers. Writ quashed.

*E. H. Gipson,* for relators.

*Lucius A. Smith,* for respondents.

[1] Reported in 155 N. W. 1057.

TAYLOR, C.

Hans Wester was employed by relators as a janitor at a salary of $30 per month, and sustained personal injuries on October 24, 1914, while engaged in the performance of his duties as such janitor. Under and pursuant to the Workmen's Compensation Act, relators paid his hospital bill and paid him the sum of six dollars per week for a period of 25 weeks. They then ceased making payment, and presented a written complaint to the judge of the district court in which they claimed that Wester had recovered from the disability resulting from the injury, and asked the court to fix the period during which he was entitled to compensation. Wester filed an answer. The matter was heard and the testimony taken on June 2, 1915. The judge found that Wester had fully recovered from his injuries at the time of the hearing; that he was entitled to receive six dollars per week from November 7, 1914, until June 2, 1915; and that he had already been paid six dollars per week for 25 weeks of that period. On June 3, 1915, judgment was entered in favor of Wester for the sum of $27, the amount found due him over and above the amount which he had already received. The judgment was paid. In October, 1915, Wester made an application, supported by affidavits of physicians, to vacate the judgment and set aside the finding that he had fully recovered, upon the ground that he had sustained an injury which had not been discovered until after the hearing on June 2, 1915, and that he was still disabled in consequence thereof. To this application relators interposed what is termed in the record as a demurrer. The district court made an order in form overruling the demurrer, and thereupon relators presented the matter to this court by means of a writ of *certiorari*.

The so-called demurrer was not a demurrer in any proper sense, and amounted to nothing more than a motion to dismiss plaintiff's application. The order overruling the demurrer amounted to nothing more than a denial of such motion. The court has neither granted nor denied Wester's application, and it is still pending undetermined. A writ of *certiorari* will not lie to an intermediate order, but only to a final decision or judgment; and a matter pending in the district court cannot be brought to this court for review by such writ, until the district court has made its final decision thereon. State v. District Court of Ramsey

County, 44 Minn. 244, 46 N. W. 349; State v. Probate Court of Dakota County, 51 Minn. 241, 53 N. W. 463; State v. District Court of St. Louis County, 58. Minn. 534, 60 N. W. 546; State v. Probate Court of Mower County, 72 Minn. 434, 75 N. W. 700.

As no decision upon Wester's application has yet been made by the district court, the writ was prematurely and improvidently issued.

Writ quashed.