### STATE EX REL. W. A. ANDERSON AND ANOTHER v. GEORGE ROSS AND ANOTHER.[1]

May 26, 1916.

Nos. 19,781—(146).

**Laches in filing claim against estate of decedent.**

Applications to file claims in probate court after the time limited by statute has expired are addressed to the sound discretion of the probate court. The claimant must show good cause why he did not file his claim in time, and he must proceed with diligence after discovery of

[1]Reported in 157 N. W. 1075.

default. A delay in filing a claim or making application therefor for a period of eight months after instructions to an attorney to present the claim, seven months after the attorney was advised when the time expired, six months after the time did expire, four months after the attorney was reminded of the default, and until the time for hearing on the final account of administration, is such laches that there was no abuse of discretion in denying an application to receive such claim.

Upon the relation of W. A. Anderson and A. G. Anderson, partners as Anderson Brothers, the district court for Brown county granted its writ of *certiorari*, directed to the judge of the probate court of that county and the administratrix of the estate of Joseph Ramsbacher, deceased, to review the action of the probate court in denying relators' motion to file their claim against the estate. The matter was heard before Olsen, J., who affirmed the order of the probate court. From the order quashing the writ and affirming the order to the probate court, relators appealed. Affirmed.

*Aug. G. Erickson,* for appellants.
*Frank Clague,* for respondents.

HALLAM, J.

Relators Anderson Brothers held a promissory note given by Joseph Ramsbacher, deceased. Ramsbacher died in July, 1911. In 1914 probate proceedings were commenced, and on September 14, 1914, an order was made limiting the time for filing claims to March 14, 1915, and fixing the first Monday in April, 1915, as the time for hearing thereon. On December 31, 1914, relator handed this note to an attorney with directions to take such steps as were necessary to collect the same. In February, 1915, the attorney was advised of the time limit for filing claims. He prepared a proof of claim, called upon one of relators to verify it, failed to find him, then laid the proof aside and forgot about it for three months. In May he was reminded that the claim had not been filed. The time for filing claims had then expired. He then approached the attorney for the administratrix as to opening the default. The attorney made no objection and referred him to the administratrix. He wrote her, asking her to call at his office, and "waited all summer" for her to call. She did call, but he was absent from his office. No further attempt was made to see the administratrix, though she resided in the same village, and no steps were

taken to open the default until September, 1915. In the meantime the administratrix had completed the administration of the estate and had made and filed the final account of her administration and the hearing thereon had been fixed for September 18. On September 9, 1915, relators' attorney filed proof of claim with the judge of probate and gave notice that on said September 18 he would apply to the court for an order allowing said claim. On October 2, the judge of probate denied the application. November 29 relators procured a writ of *certiorari* to have this order reviewed by the district court. On return of the writ of *certiorari* an order was made affirming the probate court and quashing the writ of *certiorari*. We are asked to reverse this order.

The statute provides that after the time for filing claims has expired, "for cause shown * * * the court, in its discretion, may receive, hear and allow a claim when presented before the final settlement of the administrator's * * * account." G. S. 1913, § 7322. Whether good cause is shown, the probate court must determine in view of the facts and circumstances before it. The claimant must show good cause why he did not file his claim in time, and he must proceed with diligence after discovery of default. Somewhat more liberality is indulged than in applications for relief from default in civil actions between adversary parties in the district court. In re Mills, 34 Minn. 296, 25 N. W. 631. Nevertheless, the matter is one resting in the discretion of the court to which the application is made, and a court of review will not interfere save in case of a clear abuse of discretion. See St. Croix Boom Corporation v. Brown, 47 Minn. 281, 50 N. W. 197. Where the party is wholly free from fault, negligence of his attorney may warrant the court in granting relief. Dupries v. Milwaukee & St. Paul Ry. Co. 20 Minn. 139 (156). This, however, is but one of the circumstances that may appeal to the court's discretion. Relief will not be granted as of course because of neglect of attorney, even though the party is free from fault. Stewart v. Cannon, 66 Minn. 64, 68 N. W. 604. The proceedings in the probate court were regular. Relators were advised of them. No effort was made to file proof of claim until more than eight months after the note was left by the relator with his attorney, seven months after the attorney was advised when the time for filing claims expired, six months after the time did expire, four months after the attorney was reminded of the default, and not until the

estate had been fully administered and the administration was about to be closed. During all this time relators themselves manifested no interest in their claim, and, so far as appears, made no inquiry relative to it. The claim is not admitted. So far as appears, its reception would have further delayed the settlement of this small estate. Reasonable promptness must be exacted of parties interested in judicial proceedings to the end that litigation may not be unduly protracted. From the facts of this case the court might well find that there was inexcusable delay in the prosecution of relators' claim, for which both relators and their attorney were in a measure to blame, and the order refusing to receive it should not be disturbed. Massachusetts Mut. Life Ins. Co. v. Estate of Elliot, 24 Minn. 134; State v. Probate Court of Ramsey County, 42 Minn. 54, 43 N. W. 692; St. Croix Room Corp. v. Brown, 47 Minn. 281, 50 N. W. 197.

Order affirmed.