STATE ex rel. THERESIA SCHERBER v. PROBATE COURT OF COUNTY OF HENNEPIN AND ANOTHER.[1]

May 16, 1919.

No. 21,458.

**Certiorari — extension of time to present claim to probate court — issue of writ by supreme court.**

In the absence of some special emergency the supreme court will not issue a writ of certiorari to review an order of a probate court denying an application for an extension of time for the presentation of claims, but will leave the applicant to his remedy in the district court, which has jurisdiction to issue the writ in such cases.

Application to the supreme court by Theresia Scherber for a writ of certiorari to review an order of the probate court for Hennepin county, Dahl, J., denying her an extension of time for presenting claims. Writ denied.

*George R. Smith* and *H. Stanley Hanson*, for relator.

PER CURIAM.

Application for a writ of certiorari to review an order of the probate court of Hennepin county denying the application of relator for an extension of time for the presentation of claims in the estate of a deceased person there under administration.

The application is denied. An order of the kind is purely discretionary with the probate court, is intermediate in character, involves no matter of general public interest and the district court is the proper tribunal to which application for relief should be made in the first instance. The writ was issued by this court to review such an order in Massachusetts Mut. Ins. Co. v. Estate of Elliott, 24 Minn. 134, 136, but apparently on the theory, as shown by the opinion, and restated in State v. Probate Court of Hennepin County. 28 Minn. 381, 10 N. W. 209, that no other remedy existed where an application of the kind was denied by the probate court, thereby assuming that the writ could not issue from the district court. It has, however, since been held that the district court has authority to issue the writ in such cases, in fact that it has jurisdiction thus to review any final order of the probate court from which no appeal is given by statute. State v. Willrich, 72 Minn. 165, 75 N. W. 123. Since the rendition of that decision resort to the district court

[1] Reported in 172 N. W. 210.

has been the prevailing practice in such matters. State v. Probate Court of Ramsey County, 83 Minn. 58, 85 N. W. 917; State v. Probate Court of Ramsey County, 76 Minn. 132, 78 N. W. 1039; State v. Probate Court of Polk County, 79 Minn. 257, 82 N. W. 580; State v. Probate Court of Mower County, 72 Minn. 434, 75 N. W. 700; State v. Probate Court of Ramsey County, 103 Minn. 325, 115 N. W. 173. And it should continue the practice, particularly in cases involving no public interest nor presenting reasons for an emergency hearing in this court. It is the better practice. State v. Schulz, supra, page 112, 171 N. W. 263. Whether the writ will issue from either court where the relief prayed for is granted by the probate court may be doubtful. It was denied in State v. Probate Court of Hennepin County, 28 Minn. 381, 10 N. W. 209, supra, on the ground, undoubtedly sound, State v. Probate Court of Mower County, 72 Minn. 434, 75 N. W. 700, that there was in such case an adequate remedy by an appeal from an order allowing the claim.

Application for the writ is therefore denied.