FORREST O. SALTERS AND ANOTHER v. MYLES E. UHLIR AND OTHERS.[1]

February 28, 1936.

No. 30,775.

*Sweet, Johnson & Sands* and *Edwin C. Kraus,* for relators.

*H. L. & J. W. Schmitt, Charlotte Farrish,* and *George T. Havel,* for respondents.

[1]Reported in 265 N. W. 333.

542

Hilton, Justice.

Plaintiffs had a verdict in a personal injury case. Defendants' alternative motion, made on the minutes of the court, for judgment notwithstanding the verdict or for a new trial was denied. Subsequently defendants procured a transcript and made a motion for leave to renew and supplement the original motion for judgment notwithstanding the verdict or for a new trial. Additional assignments of error were set forth. No formal motion was made for leave to vacate the former order denying the motion. The court, after having read the transcript, decided that it had been mistaken in its former action and granted defendants' motion for a new trial. *Certiorari* was brought to review that order.

Although the issuing of the writ of *certiorari* in this case was not contested, it appears that it was improvidently issued. The purpose of the writ is to review and correct decisions and final determinations of inferior tribunals. An order granting a new trial is not a final determination of the case, and the writ does not lie to review an intermediate order. In re Estate of Hall, 155 Minn. 46, 192 N. W. 342; State v. Tri-State T. & T. Co. 146 Minn. 247, 178 N. W. 603; State ex rel. Scherber v. Probate Court, 142 Minn. 499, 172 N. W. 210; State ex rel. Tolversen v. District Court, 134 Minn. 435, 159 N. W. 965; State ex rel. Klemer v. District Court, 132 Minn. 100, 155 N. W. 1057. Under 2 Mason Minn. St. 1927, § 9498, and L. 1931, c. 252, 3 Mason Minn. St. 1934 Supp. § 9498, there may be an appeal from an order granting a new trial only in certain instances. This is not one of them. Were we to permit a review of the lower court's order by *certiorari* it would serve the same purpose as an appeal and would accomplish indirectly that which could not be done directly. Cox v. Selover, 165 Minn. 50, 205 N. W. 691.

Writ discharged.