SAMUEL WARREN, *Appellant from decree of Judge of Probate,* *versus* JOHN E. BAXTER, *Executor.*

The term "disinterested and credible witness" in the statute of wills is equivalent to "*competent witnesses.*"

The question of the competency of witnesses to a will, is to be determined by their condition at the time the will is executed.

The interest which, under our present statutes, will disqualify a person from being a witness to a will, must be a present, certain, legal, vested interest, not uncertain or contingent.

The privilege of attending public worship does not constitute such an interest as will disqualify a witness to a will.

The fact that a person is a member of a particular church and society, worshipping in a certain meeting house, or that he owns a pew in that meeeing house, does not, *of itself,* disqualify him as a witness to a will containing a legacy to that church and society.

ON AGREED STATEMENT.

APPEAL from a decree of the Judge of Probate of Cumberland county, approving and allowing the will of James Warren. The will contained a devise to the " Methodist Episcopal Church and Society, worshipping at the Methodist meeting house in the Gorham Corner village." The other facts bearing on the questions raised, are stated in the opinion.

*Rand,* for appellant.

The will was executed January 2, 1858, and is to be governed by the R. S., of 1857, (c. 74, § 1,) which varies from statute of 1841, (c. 92, § 2.)

This will was not duly attested. The witnesses were neither disinterested nor credible, in the legal sense of the latter word. Section 78 of c. 82 of R. S. of 1857, does not apply ; see § 80.

Section 75 of c. 115, statute, 1841, is not incorporated into stat. 1857. See also *Hawes* v. *Hilliard,* 23 Pick., 10.

*Swasey,* for appellee.

The opinion of the Court was drawn up by

RICE, J.— The only question presented for our determination is, whether the will of James Warren was duly attested by three disinterested and credible witnesses.

It is agreed that two of the witnesses to the will, Johnson and Pond, are now, and were at the time of the witnessing of the will, members of the Methodist Episcopal Church and Society, worshipping at the Methodist meeting house, in Gorham village, and that each owned one or more pews in said meeting house, and that the other witness, Bailey, owned a pew in said meeting house and attended the services there.

It does not appear whether this society was, or not, an incorporated society.

By § 2, c. 92, stat. of 1841, wills were required to be attested by "three credible witnesses." By § 1, c. 74, stat. of 1857, they are required to be attested by "three disinterested and credible witnesses."

In Massachusetts it has been decided, that the term "credible witness," as used in the statute of wills, means *competent witness.* That is, a witness whom the law will trust to testify before a jury. *Amory* v. *Fellows,* 5 Mass., 219; *Hawes* v. *Humphrey,* 9 Pick., 361; *Haven* v. *Hilliard,* 23 Pick., 10.

As the law stood under the statute of 1841, persons deficient in understanding, and persons having a direct pecuniary interest in the matter in issue, were not deemed competent witnesses, and were not permitted to testify in courts of justice.

The will which is now the subject of controversy was executed Jan. 2d, 1858, since the R. S. of 1857 were in operation. The question of the competency of the witnesses to the will is to be determined by their condition at the time the will was executed. *Patten* v. *Tallman,* 27 Maine, 17.

By § 78 of c. 82, R. S., 1857, parties and others having a direct pecuniary interest in the matter in issue are rendered competent witnesses in courts. But, by § 80, of same chapter, this provision is restrained, so that it shall not apply to the attestation of the execution of last wills and testaments, or

of any other instrument which by law is required to be attested.

The law, therefore, now stands, so far as the question of the competency of the witnesses to the will of the testator is concerned, as it would have stood had the law of 1841 been in force and required the witnesses to the will to be *disinterested* and *credible.*

The interest which will disqualify a person from being a witness must be a present, certain, legal, vested interest, and not uncertain or contingent. 4 Stark. Ev., 745.

The privilege of attending public worship and the advantages of education, although of the highest importance, do not constitute such an interest as will disqualify a witness. *Hawes* v. *Humphrey,* 9 Pick., 350.

There is nothing in this case to show that the legal rights of the attesting witnesses, or either of them, is in the slightest degree affected by these provisions in the will. The fact that two of the attesting witnesses were members of the Methodist Episcopal Church and Society, worshipping in the Methodist meeting house, in the Gorham Corner village, and that all three of them owned pews in that house, does not, of itself, create in them any direct, certain, legal, vested personal interest in the legacy of the testator. It does not appear that there exists in that society any right to tax, or in any way to impose any legal liability upon the witnesses, or that, by their connection with the society, they in any way obtain any rights to the property bequeathed to the society. Their connection with the society may be, and, so far as appears, is entirely voluntary.

The presumption of the law being that all persons of full age are competent to be witnesses, the burden rests on those alleging incompetency to show the fact. That has not been done in this case.

The attesting witnesses are, therefore, within the meaning of the statute, " disinterested and credible," or in other words *competent* witnesses.

*Decree of the Judge of Probate affirmed.*