HANNAH M. SMALLEY, appellant from decree of judge of probate *vs.* BART K. SMALLEY.

Knox.    Opinion February 14, 1880.

*Will. Witness. Interest—beneficially.*

An heir at law, who is disinherited, is a competent witness in support of the will, by which he is disinherited.

So, when though a legatee, his legacy is conceded to be less than his interest in the estate as heir.

One receiving a trivial legacy under a will, by which he is deprived of a larger estate as heir, is not to be regarded as beneficially interested under the same, so that he cannot be an attesting witness thereto.

FACTS AGREED.

Appeal from a decree of the judge of probate for the county of Knox, disallowing the will of Archelaus Smalley, late of St. George in said county.

The will, omitting the formal parts, is as follows:

"I give and bequeath unto my beloved wife, Hannah M. and to each of my children equally alike, namely, Tobias Smalley, Eli F., Isaac K., Archelaus, Jr., and Shepherd A. Smalley, all my real and personal estate."

"I also give unto each of my children, namely, to the heir of Keturah Marshall, Mary Wilson, Henry Smalley, John H. Smalley, Bart K. Smalley, Sarah S. Shaw, Thomas G. Smalley, Joanna Pierson, and Aaron H. Smalley, one dollar each."

"I give unto my children, Achsa Jane, Amelia A. and Lizzietta Smalley, one cow each when they are married."

"I also appoint my son, Aaron H. Smalley of St. George, my executor of this, my will, to settle my said estate and to pay all my just debts."

The will is dated May 1, 1871, and the attesting witnesses are Robert Long, Bart K. Smalley, and Orson H. Seavy.

At a probate court held in said county, third Tuesday of March 1879, said will having been presented for probate, it was ordered by the judge of probate that it should not be approved and allowed, as it was not executed in accordance with the provisions of R. S., but that the same be declared null and void.

Whereupon the said Hannah M. Smalley gave notice that she claimed an appeal from said decree, and for the following reasons:

1. Because the said will was improperly and illegally disapproved and disallowed, and declared to be null and void.

2. Because said will was duly executed in accordance with the provisions of the statutes of Maine, and the decision of said court in that respect was not according to the fact.

3. Because the said Archelaus Smalley, on the first day of May, A. D. 1871, then being in full life and of sound mind and of the age of twenty-one years, duly made and signed said writing testamentary, and the same was subscribed in his presence by three credible attesting witnesses, not beneficially interested under said will.

4. Because said will ought, in law and in fact, to be approved, allowed and established as the last will and testament of said Archelaus Smalley.

This appeal was seasonably claimed and a bond filed by the appellant, and approved by the judge of probate, as required by the statute.

The said Bart K. Smalley appeared in the probate court and contested the due execution of said will.

Said Bart K. Smalley is a son and heir at law of the said Archelaus Smalley, and also a legatee under the will, as therein appears.

The will is contested upon the ground that said Bart K. Smalley was not a competent witness to the will.

Said Archelaus Smalley left an estate of about one hundred and seventy-five acres of land with a dwelling house and other buildings thereon, and personal property sufficient to pay his debts. His real estate is valued at $1,000, and situate in St. George.

The said Archelaus Smalley left at his decease the following children :

Tobias Smalley, Eli F. Smalley, Isaac K. Smalley, Archelaus Smalley, Jr., Shepard A. Smalley, Achsa Jane Smalley, Amelia A. Smalley, Lizzietta Smalley, Henry Smalley, John H. Smalley, Bart K. Smalley, Sarah S. Shaw, Thomas G. Smalley, Joanna Pierson, Aaron H. Smalley, and Mary Wilson the daughter of a deceased daughter.

The case is submitted to the law court. If the said Bart K. Smalley was a competent witness to the will, the decree of the judge of probate is to be reversed and a decree entered approving the will. If he was not a competent witness the decree of the judge of probate is to be affirmed.

*A. P. Gould,* for the appellant.

*D. N. Mortland,* for the appellee, cited R. S., c. 74, §§ 1, 9. *Jones* v. *Tibbetts,* 57 Maine, 572. 4 Stark. Ev. 745. R. S., c. 82, § 84. 1 Greenl. Ev. 435. *Scott* v. *McLellan,* 2 Maine, 205. *Hawes* v. *Humphrey,* 9 Pick. 350.

APPLETON, C. J. This is an appeal from a decree of the judge of probate disallowing the will of Archelaus Smalley.

Bart K. Smalley, a son of the testator and a legatee under the will to the amount of one dollar, was an attesting witness to the same. It is conceded that had there been no will his interest as heir at law would have been greater than that under the provisions of the will.

The will is contested on the ground that he was not a competent attesting witness.

The statute relating to the attestation of wills has undergone various verbal changes in the different revisions of the statutes.

By the statute of 1821, c. 38, § 2, a will to be valid must "be

attested and subscribed in the presence of the testator by three credible witnesses."

In the revision of 1857, c. 74, § 1, a will to be valid must be subscribed "by three disinterested and credible attesting witnesses."

In 1859, by c. 120, section first of c. 74 was amended by striking out the words "disinterested and" and adding thereto "not beneficially interested under the provisions of the will."

In the revision of 1871, c. 74, § 1, the words "the provisions of" were stricken out so that now a will is required to be witnessed "by three credible attesting witnesses not beneficially interested under said will."

By a series of decisions in England and in this country it has been determined that the word "credible" was used as the equivalent of "competent" so that the question in such case is whether the attesting witness was a competent witness. *Warren* v. *Baxter*, 48 Maine, 193. *Hawes* v. *Humphrey*, 9 Pick. 361. *Haven* v. *Howard*, 23 Pick. 10. *Carlton* v. *Carlton*, 40 N. H. 14.

Now in this case Bart K. Smalley is not interested to sustain the will but rather to defeat it. When a witness is produced to testify against his interest, the rule that interest disqualifies does not apply. 1 Greenl. Ev. § 410. A legatee, one of several heirs at law of a testator, the validity of whose will is in question, may be called as a witness in support of a will, when his interest is manifestly adverse to that of the party calling him. *Clark* v. *Vorce*, 19 Wend. 232. So, in *Sparhawk* v. *Sparhawk*, 10 Allen, 155, an heir at law, who is disinherited by the will is a competent witness in its support. It is against his interest to support the will and whether entirely or partially disinherited, the same rule must apply so long as it is his interest to defeat the will.

So if it stand indifferent to the witnesses, whether the will, under which they are legatees, and to which they are witnesses, be valid or not, the witnesses, though legatees, are "credible." 10 Bac. Abr. 525 of Wills D. When an attesting witness would take the same interest under a former will to which he was not a witness, as under a later will, he stands indifferent in point of

interest and is a good witness to prove the latter will. 3 Stark. Ev. 1692.

It is apparent that Bart K. Smalley, before any change of the statute of 1821, was a credible, that is a competent witness, because his interest would be adverse to the will.

When the word "disinterested" was inserted in the statute, as opposed to interested, the result perhaps might be to exclude an attesting witness whose interest it was to defeat the will.

But whether so or not, when that word was stricken out and the attesting witness was required to be one not beneficially interested under the will, the obvious intention was to exclude those, who were to receive a benefit under the will, not those, who were pecuniarily losers by its provisions. "The reason why a legatee is not a witness for a will being because he is presumed to be partial in swearing for his own interest;" that reason ceases to exist when his interest is dissevered by such will. *Oxenden* v. *Penrise*, 2 Salk. 691.

One who is neither interested to defeat or sustain the will, may well be deemed disinterested. An heir at law, who is disinherited in whole or in part is not disinterested in the result, for he has an interest to defeat the will. Hence he is not disinterested in the result.

The change of language was to remedy or rather prevent such conclusion. The witness beneficially interested under the will was one gaining by and under its provisions. But an attesting witness who is called to establish a will by which he is divested of his inheritance can hardly be regarded as beneficially interested by it and so interested to maintain it. One losing an estate by a will under which he is a legatee for a cent or a dollar cannot in any ordinary use of language be considered as a gainer—or beneficially interested, unless a loss is determined to be a gain. As is well remarked by Bigelow, C. J. in *Sparhawk* v. *Sparhawk*, referring to *Haven* v. *Hilliard*, 23 Pick. 10, where it was said to be held that a witness might be incompetent when his interest was adverse to the validity of the will; "certainly so far as it seems to support the proposition that an heir at law, who is disinherited in part or in whole by will, is incompetent as an attesting witness,

the case is contrary to well established principles, and must be overruled."

Undoubtedly, the object in giving this trivial legacy was to guard against the witness taking a portion of the estate under the provisions of § 9 by which a child omitted in the will may have its share of the estate, unless such omission was intentional or such child had had its due proportion of the estate during the life of the testator.

> *The decree of the judge of probate*
> *is reversed, and a decree is to be*
> *entered that the will be affirmed.*

WALTON, BARROWS, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.