[No. 625.   October 18, 1895.]

## TERRITORY OF NEW MEXICO, APPELLEE, v. JOHN M. LEARY, APPELLANT.

CRIMINAL LAW—APPLICATION FOR CHANGE OF VENUE—AFFIDAVIT—CON-STRUCTION OF STATUTE—JUDICIAL DISCRETION.—Under chapter 77, Laws of 1889, requiring that, in a criminal case, the defendant's affidavit for change of venue shall "be supported by the oath of two disinterested persons that they believe the facts therein stated are true," the court may, in its discretion, require defendant to produce in court the persons making such affidavit, to be examined orally under oath.

ID.—CONTINUANCE—JUDICIAL DISCRETION.—The granting or refusal of an application for a continuance is a matter resting in the sound discretion of the trial court, whose judgment will not be disturbed, where there has been no abuse of that discretion.

APPEAL, from a judgment of the Second Judicial District Court, Bernalillo County, overruling a motion for a change of venue, on the ground of local prejudice. Affirmed.

The facts are stated in the opinion of the court.

JOHNSTON & FINICAL and WARREN, FERGUSSON & GILLETT for appellant.

Chapter 77, Laws of 1889, providing that, in criminal cases, the defendant's affidavit for change of venue shall "be supported by the oath of two disinterested persons that they believe the facts therein stated are true," is peremptory, divesting the trial court of all discretion in the matter, where the party making the application has fully complied with its requirements. Territory v. Kelly, 2 N. M. 292.

The record shows no counter affidavits, nor any effort to impeach the affidavits or oaths of either the defendant, or his supporters, required by the statute; and the decision of this court in Territory v. Kelly,

supra, is uniformly sustained by the decisions of other
jurisdictions. Higgins v. Com., 21 S. W. Rep. 231;
Clark v. People, 1 Scam. 117; Barrows v. People, 11
Ill. 121; Brennan v. People, 15 Id. 511; Reed v. State,
11 Mo. 379, 382, 383; Edwards v. State, 25 Ark. 444;
Krutz v. Howard, 70 Ind. 174. See, also, State v. Tur-
lington, 15 S. W. Rep. (Mo.) 141; Donovan v. People,
28 N. E. Rep. 964.

In most of the states, in order to force a defendant
to trial, the opposing counsel must not only admit that
absent witnesses will swear to certain facts, but they
must also admit the truthfulness of those facts, and are
absolutely precluded from disputing them. People v.
Diaz, 6 Cal. 248; People v. Brown, 54 Id. 243; De
Warren v. State, 29 Tex. 464; Wassels v. State, 26 Ind.
30; Powers v. State, 80 Id. 77; Willis v. People, 1
Scam. 399; Freleigh v. State, 8 Mo. 606; Cass v. State,
2 Green (Iowa), 353. See, also, Rapalje's Crim. Proc.,
sec. 175; Dominges v. State, 15 Miss. 475; Goodman v.
State, 1 Meigs (Tenn.), 195; State v. McLane, 15
Nev. 345.

JOHN P. VICTORY, solicitor-general, and WILLIAM
H. POPE, assistant to solicitor-general, for territory.

The court's decision in overruling the motion for
change of venue was in accordance with the law and
the exercise of a sound discretion. Laws 1889,
chap. 77.

The motion for a continuance was addressed to the
sound discretion of the trial court, and its refusal to
grant the same is not reviewable, except in case of
gross abuse of discretion. Territory v. Kinney, 3 N.
M. (Gil.) 143; Territory v. Anderson, 4 Id. (Gil.) 213;
Faulkner v. Territory, 6 N. M. 465; Territory v. Mc-
Farlane, 7 Id. 421; Territory v. Yee Dan, Id. 439; State
v. Howell, 23 S. W. Rep. 263, where it was held that
every reasonable presumption should be indulged in

behalf of the action of the trial court in refusing a continuance.

The overruling of a motion for new trial is a matter of discretion, and not reviewable. Buntz v. Lucero, 7 N. M. 219; Territory v. Webb, 2 Id. 156; Territory v. Romero, Id. 475.

BANTZ, J.—The defendant, under indictment charging assault with a deadly weapon, filed his affidavit on the ninth day of November, 1894, for a change of venue, on the ground that he could not secure a fair trial in Bernalillo county, where the case was pending, because the principal witness for the territory had an undue influence over the minds of the inhabitants of the county; that the inhabitants of the county were prejudiced against him; and that, by reason of local prejudice, an impartial jury could not be obtained. This affidavit was supported by the affidavits of two persons, who set forth that they had no interest in the case; that they had read the affidavit of defendant; and that they believed the facts therein stated to be true. The application for a change of venue was resisted upon the ground that the two persons supporting the defendant's affidavit should come into open court, and submit to an oral examination under oath. On the same day, November 9, the court overruled the application, but at the same time gave the defendant leave to produce in open court two disinterested persons to verify the facts set forth in defendant's affidavit. On the twelfth of November, the defendant filed another motion for change of venue, based upon the affidavits already mentioned; and on the same day it was ordered by the court that "the said defendant not having produced in open court two witnesses to verify the truth of the allegations contained in said motion," the same is overruled. The record fails to disclose that any exception was taken to the action of the court below as to these orders overruling motions for change of

venue, but the prosecution and the defense have fully argued the question, and, as it is one of practice and of great importance, we have considered the point without deciding whether it is sufficiently raised on the record. The affidavits of the defendant and of the two persons supporting it fully set forth all that the statute requires; and the question is whether the court below erred in requiring the two witnesses supporting defendant's affidavit to personally appear in open court, and submit to an oral examination.

The statute requires that a defendant's affidavit shall "be supported by the oath of two disinterested persons, that they believe the facts therein stated are true." It will be noted that, under this

APPLICATION for change of venue: affidavit: construction of statute: judicial discretion.

clause, two things should appear to the court: (1) That two persons must state under oath that they believe the statements in defendant's affidavit to be true; and (2) it must be shown in proof that such persons are disinterested; that proof is not necessarily confined to their testimony alone or at all. It will also be noted that, while the statute directs the defendant to set forth the grounds for the change of venue in an "affidavit," the supporting proofs are to be made under "oath" by disinterested persons. The statute does not say that such oath shall or even may be by affidavit, and in that respect this case is to be distinguished from Cass v. State, 2 G. Greene, 353. It would probably be true that, if the affidavits of these persons had been received and considered as proofs, the court would not have been permitted to arbitrarily disregard them. Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50; Territory v. Kelly, 2 N. M. 300. But it is manifest from the orders made on the ninth and twelfth of November that the court did not consider the proofs as competent, but required them to be made orally in open court. Even assuming that the bare oral statement under oath by the persons

so produced as to their belief in the truth of the defend-
ant's affidavit would have fully satisfied the statute in
that particular, still the question as to whether they were
disinterested was one upon which they were subject to
full and searching examination.  The right to use ex
parte affidavits as proofs in any case is a mere matter
of grace and convenience, unless some statute or rule
of court provides otherwise in a given case; and the
court would have the undoubted right to require the
proofs upon a motion to be presented orally in open
court.  We are not to be understood as holding that
proofs upon motions made in the form of affidavits
would not be ordinarily sufficient for purposes of re-
view in this court, but we do hold that the license
which has grown up in the use of ex parte affidavits has
not ripened into a right to employ them where the trial
court expressly requires the proof to be oral in open
court.  In requiring this, the court did not deprive the
defendant of any rights conferred by statute or com-
mon law or rule of court; and it was not in anywise
unjust or unreasonable.  The legislature, in the very
terms of the statute, distinguishes between the "affida-
vit" of the defendant and the "oath" of the disinterested
persons, and we can not say that the legislature did so
inadvertently.  No man with a proper regard for the
obligation and solemnity of an oath would swear in pri-
vate to that which he would not swear to in open court,
and requiring the oath to be made openly and publicly
did not deprive the defendant of any just right.   The
statute does not say that the proofs in support of de-
fendant's affidavit may be made by the oath of any
person, but requires that such persons shall be "disin-
terested."   Who is to determine whether the persons
offered are disinterested?  There can be but one answer,
—the court alone.  If the persons offered as disinter-
ested can by their mere ex parte affidavit close the door
against their own examination upon that point in open

court, notwithstanding the trial court requires it, a thing so extraordinary could only be justified by the clear terms of the statute or rule of court, and there is none. The ease and facility with which change of venue is taken, often to the great delay of causes, the defeat of justice, and the hardship of witnesses, does not require us to construe the change of venue law beyond its plain terms and the full and efficient protection of the defendant in a fair and impartial trial. In Territory v. Kelly, supra, the defendant attempted to change the venue from Santa Fe county, and also set forth that the same causes existed against San Miguel, and it was urged that the law which made the proofs conclusive against Santa Fe county also made them conclusive against San Miguel; but the court held that, while the statute allowed no discretion in the one instance, it imposed no limitations upon the discretion of the trial court in the other. So here, while law makes the oath of two disinterested persons conclusively sufficient in support of defendant's affidavit, the court is invested with a discretion in ascertaining whether such persons are disinterested. For the purposes of this case, it will be unnecessary to determine whether the legislature used the word "disinterested" in the narrow sense, distinguishing between persons qualified and those disqualified at common law from testifying, or whether it used it in the broader sense, as synonymous with "fair-minded" and "impartial." The statute was passed long after the legislature had swept away the disqualification of witnesses arising from interest, and it may well be that the rule laid down in Freleigh v. State, 8 Mo. 607, would not apply, but that, construing the statutory expression in the light of the present condition of the law as to the qualifications of the persons testifying (Suth. St. Const., sec. 247), we should consider the legislative intent to be that those whose oaths were to inform the court and set in motion judicial action should

be indifferent to the cause in the broader sense of being
impartial and fair-minded.   Warren v. Baxter, 48 Me.
194; Insurance Co. v. Stevens, 48 Ill. 33.   In Wake-
field v. State, 41 Tex. 553, the statute used the word
"credible person," and the court held that the inquiry
involved more than a general character for truth, but
embraced the means of knowledge, the intelligence, and
the relations of such persons with the defendant.   This
matter does now, however, enter into the decision of
this case.   It is sufficient to say that the defendant
had no right to insist upon the reception of the sup-
porting proofs, and as to the interest of the witnesses
by affidavits, where the trial court expressly required
them to be made orally, as already indicated; and it
was not error to refuse the change of venue.

The next point for consideration is whether the
court below erred in denying the application for a con-
tinuance, which set forth that two certain witnesses
would swear that the prosecuting witness
used vile epithets toward the defendant,
and threatened that he would "fix" the
defendant, and that this occurred immediately before
the assault charged.   The application also sets forth
that the defendant's attorney relied upon what he
termed the hitherto customary and usual manner of
granting changes of venue in cases made out on affida-
vits like the present one, and that, so relying, he did
not issue subpoenas for witnesses who were then absent.
It is probably true that it has been the customary prac-
tice to order the venue changed in cases where the
showing has been made on affidavits like those in this
case, and we would be strongly disposed to think it
error if the refusal to grant the continuance had caused
the defendant to suffer any material injury or disad-
vantage.   The record, however, shows that the first
application for a change of venue was made and refused
on November 9; that on November 12 the motion was

renewed on the same affidavits, and again denied, and on the same day the application for a continuance was made, when the district attorney admitted that the witnesses would, if present, testify to the facts stated in the affidavits, and the court denied the continuance. The trial was begun the next day, the thirteenth, and one of the witnesses named in the affidavit testified at the trial for the defendant, but as to whether the affidavit as to the other witness was offered in evidence does not appear. Under these circumstances, we do not think error can be assigned on the refusal to grant the continuance. The defendant was deprived of the testimony of only one witness, whose testimony was only cumulative. The trial court necessarily has a discretion to exercise upon such an application, and it has been repeatedly and uniformly held by this court that, unless such discretion has been in some way abused to the injury of the defendant, the denial of a continuance will not be error. We have carefully considered the whole record, and find no error. The judgment will, therefore, be affirmed.

LAUGHLIN and HAMILTON, JJ., concur. The CHIEF JUSTICE was absent at hearing.