FREDERICK J. WILL v. SISTERS OF THE ORDER OF ST. BENEDICT.[1]

February 1, 1897.

Nos. 10,365—(249).

**Religious Order—Will of Member—Witnesses.**
    The will of a member of an incorporated religious order, devising and bequeathing all her property to the corporation, was witnessed by two other members of the order. G. S. 1894, § 4428, declares void all devises and legacies to subscribing witnesses. The corporation was organized for char-

[1] Reported in 69 N. W. 1090.

itable purposes, not for pecuniary gain to its members. Each member was, by its by-laws, required to give all her present and future property to the corporation, as well as her services, without compensation. *Held*, the witnesses did not have any such present, certain, and vested pecuniary interest in the property devised by the will as to make them incompetent.

### Same—Undue Influence.

*Held*, on the evidence, the trial court was justified in finding that the will was not executed under undue influence and duress.

### Evidence of Fact.

*Held*, it was not error to permit the proponent of the will to deny the existence of a certain fact recited by way of inducement in the will.

Appeal by Frederick J. Will from an order of the district court for Stearns county, Searle, J., denying a motion for a new trial. Affirmed.

*Horton & Denegre*, for appellant.

The recital at the beginning of the will proves the incompetency of testatrix. She makes her will because a law of the order commands it. To this order she is bound by a solemn vow. She does not state that she is of sound and disposing mind and memory, etc. No individual can be a member of this order and at the same time be a free moral agent. The will whereby she transferred her property was dictated by the order. That there was to be no mistake the entire will was printed. The will speaks for itself. There are no blanks to fill. There are no interlineations. When the will is in the handwriting of the party benefited it is to be regarded with great suspicion. Raworth v. Marriott, 1 Myl. & K. 643; Schouler, Wills, § 238; Harrel v. Harrel, 1 Duval, 203; Cramer v. Crumbaugh, 3 Md. 491. The law presumes undue influence when a person makes a will in favor of her religious adviser to the exclusion of the natural objects of testatrix's bounty. Marx v. McGlynn, 88 N. Y. 357. See Calhoun v. Jones, 2 Redf. Sur. 34; Children's Aid Soc. v. Loveridge, 70 N. Y. 387; Marsh v. Tyrrell, 2 Hagg. Eccl. 84; In re Welsh, 1 Red. Sur. 238; Casborne v. Barsham, 2 Beav. 76; Richmond Appeal, 59 Conn. 226, 22 Atl. 82; Schouler, Dom. Rel. § 512; Muller v. St. Louis H. Assn., 5 Mo. App. 390; Tyler v. Gardiner, 35 N. Y. 559. A will made under the circumstances surrounding this case must be examined with peculiar care, and every presumption explained away. The proponent attempts to prove the execu-

tion of the will, and introduces evidence to contradict the instrument referred to in it.

*Theo. Bruener*, for. respondent.

The interest to disqualify a witness to the will must be present, certain and vested. Quinn v. Shields, 62 Iowa, 129, 17 N. W. 437; In re Holt's Will, 56 Minn. 33, 57 N. W. 219. There can be no fatal undue influence without a person incapable of protecting himself, as well as a wrong-doer to be resisted. Latham v. Udell, 38 Mich. 238. The testimony shows the testatrix was in fair health and good mental condition. There is no testimony that testatrix was incapable of protecting herself. A testatrix may be affected by her prejudices and predilections arising from association, but if she has sufficient testamentary capacity she may dispose of her property by will as she pleases, if it be her own voluntary act. Mitchell v. Mitchell, 43 Minn. 73, 44 N. W. 885; In re Hess' Will, 48 Minn. 504, 51 N. W. 614. See Lynch v. Clements, 24 N. J. Eq. 431; Turner v. Cheesman, 15 N. J. Eq. 243; Boylan v. Meeker, 4 Dutch. 274; Den v. Gibbons, 2 Zabrisk. 117. See Const. art. 1, § 16.

CANTY, J. The deceased, M. Julia Will, died in August, 1894. For 14 years prior to her death she had been a member of the Sisters of the Order of St. Benedict, a religious order incorporated under the laws of this state. In October, 1893, she made a will devising her property to this corporation. Her brother and only heir appeared in the probate court, and opposed the application to probate the will. His objections were overruled, and the will allowed. He appealed to the district court, where the contest was tried by the court without a jury, and the will was again allowed. From an order denying his motion for a new trial, he appeals to this court.

1. The subscribing witnesses to the will were two other members of the corporation, and appellant contends that they were incompetent as witnesses because interested. G. S. 1894, § 4428, declares void all beneficial devises and legacies to subscribing witnesses, and appellant contends that the legacy is to these two witnesses, they being members of the corporation. The interest that will disqualify such a witness must be present, certain, and vested. Quinn v. Shields, 62 Iowa, 129, 17 N. W. 437; In re Holt's Will, 56 Minn.

33, 57 N. W. 219. This was a corporation for charitable purposes, not for pecuniary profit to its members. The business of the corporation, as stated in its articles of incorporation, is "to establish and conduct colleges, seminaries, schools and educational institutions for literary and social culture." The by-laws of the corporation provide that the members shall give all their present and future property to the corporation, as well as their services, without compensation. Then the witnesses could not have any present, certain, or vested pecuniary interest in property devised by this will to the corporation, and were competent witnesses. The case is similar to Quinn v. Shields, supra.

2. It appears from another portion of the by-laws that the testatrix was required to make a profession or vow that she would devise and bequeath to the corporation all her property. The will recites that she took this vow, and was, by her will, proceeding to fulfill it. On these facts appellant contends that it conclusively appears she was not thereafter a free, moral agent; that she executed the will by reason of undue influence and duress, and that the court below erred in finding to the contrary. Whether the evidence would sustain a finding in appellant's favor we need not decide. We are clearly of the opinion that the evidence did not require such a finding. The testatrix was a free, moral agent when she took the vows in question. It nowhere appears that she afterwards repented the step, and would not have made the will if she had not already taken the vows. She took the vows voluntarily, after three years of probation, and, for all that appears, she would take them again if she were absolved from them. There is nothing to show but that she took these vows and made this will purely through religious or sectarian zeal.

3. Appellant assigns as error the receiving of oral evidence tending to prove that the member was not, as recited in the will, required to make a profession or vow to leave her property to the order. This evidence did not, as contended by appellant, contradict the express terms of the will. It merely denied the existence of a certain fact recited in the will by way of inducement, and its admission was not error.

4. There is nothing in the point that it appears from the evidence that the deceased left no property. On the contrary, it appeared that

she left an undivided one-half interest in certain real estate, left her by her mother. Its value was, on this contest, immaterial.

No other point is made worthy of consideration, and the order appealed from is affirmed.