HELEN PENSTOCK and Another v. MARION S. WENTWORTH and
Others.

December 16, 1898.

Nos. 11,410—(137).

**Descent of Homestead—G. S. 1894, § 4470—Surviving Spouse.**

The clause "free from any testamentary devise or other disposition to
which the surviving husband or wife shall not have assented in writing,"
as used in G. S. 1894, § 4470, relating to the descent of homesteads, refers
only to cases where the testator leaves a surviving spouse at the time
of his or her death. It has no application to a case where a spouse was
living at the time the will was executed, but died before the decease
of the testator.

Helen Penstock and Ida Beard, daughters of Cyrus D. Hewitt,
deceased, petitioned the probate court for Dodge county to except
from the provisions of his will the 80-acre homestead which be-
longed to their father, and to apportion the homestead among all
of his five children, share and share alike. The provisions of the
will are given in the opinion. The petition was denied, Severt
Olson, J. From the final decree of the probate court assigning the
residue of the estate to Marion S. Wentworth, Loma Kidder and
Charles C. Hewitt, their sisters and brother, the petitioners ap-
pealed to the district court of that county. In the latter court the
matter was heard by Buckham, J., who affirmed the final decree of
the probate court. From the judgment of the district court pur-
suant to such order, the petitioners appealed. Affirmed.

*Littleton & McCaughey,* for appellants.·

*Samuel Lord,* for respondents.

MITCHELL, J.

On January 8, 1897, Cyrus D. Hewitt died testate and seised of 80
acres of land, which at the time of his death was, and for many
years had been, his homestead, as defined by the statute relating to
homestead exemptions. He left five children surviving him. His
will, which had been executed April 5, 1887, was duly admitted to
probate. In and by it he willed all his real and personal estate

to his wife for life, in case she survived him, with remainder to three of his children, but further directed and willed that, in case his wife died before he did, all of his property, real and personal, should go, share and share alike, to the three children thereinbefore mentioned. His wife was living when the will was made, but she died before the testator. In her lifetime she never consented in writing to the will or to the disposition of the property therein made.

When the time arrived for the probate court to assign the property to those entitled to it, the two children not provided for in the will claimed that, under the provisions of G. S. 1894, § 4470, relating to the descent of homesteads, the land should be assigned to the five children, share and share alike, for the reason that the wife of the testator had never assented in writing to the disposition of it made in the will. The probate court overruled the claim, and made a decree assigning it to the three children named in the will. From the decree, the other two children appealed to the district court. In that court both parties stipulated that the district court had complete jurisdiction of the cause, and proceeded without objection to try the case on its merits. The district court rendered judgment affirming the decree of the probate court, and from that judgment the two children appealed to this court.

The respondents move to dismiss this appeal on the ground that, under State v. Willrich, 72 Minn. 165, 75 N. W. 123, a decree of the probate court assigning the real estate of a decedent is not appealable, and therefore the district court never acquired jurisdiction of the action. The judgment of the district court is certainly appealable. Hence, even if the district court was without jurisdiction, that would be no ground for dismissing this appeal, but for a reversal of the judgment; and as the appellants here make no such point, and do not ask for a reversal on any such ground, we have no occasion to consider the question.

The only question in the case is as to the construction of section 63 of the probate act of 1889 (G. S. 1894, § 4470), and particularly of the clause "free from any testamentary devise or other disposition to which the surviving husband or wife shall not have assented in writing." Assuming (what I personally very much doubt) that this was intended to apply to all that follows, and is operative, not

only in favor of the surviving spouse, but also in favor of the issue of the deceased under the second and third subdivisions, and in favor of collateral heirs, under the fourth subdivision of the section, it is sufficient, for the purposes of this appeal, to say that it has no application to the facts of this case, for the reason that there was no "surviving husband or wife." The very language of the statute limits it to cases where the deceased leaves a surviving spouse. The word "surviving" manifestly refers to the time of the death of the testator, and not to the time the will was executed. A will takes effect only on the death of the testator. Until then it is ambulatory.

Judgment affirmed.