IN RE ESTATE OF CHARLOTTE C. HALL, DECEASED.
ASA T. PATTERSON, EXECUTOR OF ESTATE v. LUCIUS F.
HALL.[1]

February 23, 1923.

No. 23,136.

### Interlocutory order of probate court not appealable or reviewable.

1. An order of the probate court setting aside the consent of the surviving spouse to a will, and decreeing that he shall take his distributive share of the estate under the statute the same as if the decedent had died intestate, is interlocutory merely and not appealable. Neither is it reviewable by certiorari.

### Section 7490 not applicable.

2. The appeal given by the fifth subdivision of section 7490, G. S. 1913, is only from orders or decrees relating to personal property.

### Allowance of distributive share.

3. A claim to a distributive share is not "allowed" within the meaning of that provision until an order or decree is made under which the claimant is entitled to demand or receive it.

### Right of surviving spouse in homestead.

4. A will which gives the homestead to a third party with a provision that the surviving spouse shall have the exclusive control of it during his lifetime, does not give him the same rights in it which he would have if he took under the statute.

### Order reviewable on appeal from final decree.

5. An order of the probate court determining the validity of a claim to a share of the estate is reviewable on an appeal from the final decree.

The last will and testament of Charlotte C. Hall, deceased, was allowed as such by the probate court for Ramsey county. Lucius F. Hall, surviving husband of testator, filed written withdrawal of his consent to the will and his election to take under the statute. The motion of Asa T. Patterson, executor of the estate, to strike

[1] Reported in 192 N. W. 342.

from the files the husband's withdrawal of consent and election to take under the statute, was denied, Doe, acting judge. From an order of the probate court decreeing that Hall should have his distributive share of the estate in lieu of the provisions made for him by the terms of the will, the executor appealed to the district court for that county. The appeal was heard by Hanft, J., who granted the motion of Hall to dismiss the appeal. From the order dismissing the appeal, the executor appealed. Affirmed.

*James Manahan, Thomas V. Sullivan, J. D. Hoogesteger* and *C. A. Lindberg*, for appellant.

*Chester L. Caldwell*, for respondent.

TAYLOR, C.

The will of Charlotte C. Hall was admitted to probate May 20, 1921. Her husband, Lucius F. Hall, had consented to the will in writing, but, when it was presented for probate, filed a written repudiation of such consent, and a notice that he renounced and refused to accept the provision made for him in the will, and, in lieu thereof, elected to take the share of the estate allowed him by the statute. Immediately after the will had been admitted to probate, he filed a second instrument to the same effect. The executor made a motion to strike these documents from the files. As a result of the hearing upon this motion, the probate court made findings of fact and conclusions of law, and adjudged that the motion be denied, and that the husband should "have and take his distributive share of the estate * * * under the provisions of the statutes of this state, the same as if said deceased had died intestate, in lieu of the provisions made for him by * * * said will."

The executor appealed to the district court. That court dismissed the appeal on the ground that the order or judgment was not appealable. The executor appealed to this court from the order of dismissal. The sole question presented is whether an appeal lies from the order of the probate court.

Appellant concedes that the order is not appealable, unless it comes within the provisions of subdivision 5 of section 7490, G. S. 1913, which provides that an appeal may be taken by any party

aggrieved from "an order or decree by which a legacy or distributive share is allowed or payment thereof directed, or such allowance or direction refused, when the amount in controversy exceeds twenty dollars."

A similar order of the probate court, made in a similar case, was reviewed by certiorari in State v. Probate Court Hennepin County, 129 Minn. 442, 152 N. W. 845, L. R. A. 1915E, 815. Another similar order of the probate court, made in a similar case, was reviewed by appeal in Lindquist v. Security L. & T. Co. 142 Minn. 271, 172 N. W. 121. The question whether the order was reviewable by the procedure adopted was not raised or considered in either of those cases.

Appellant is correct in asserting that the order in question is not reviewable by certiorari, for the reason that it is only an interlocutory order which does not finally determine the rights of any of the parties. State ex rel. Krey v. Probate Court, 51 Minn. 241, 53 N. W. 463; State ex rel. Smith v. Probate Court, 72 Minn. 434, 75 N. W. 700; State ex rel. Kelly v. District Court, 83 Minn. 58, 85 N. W. 917.

The statutory provision relied upon allows an appeal from specified orders or decrees in respect to personal property; it does not allow an appeal from orders or decrees in respect to real estate. State v. Willrich, 72 Minn. 165, 75 N. W. 123. The estate in question consists of the family homestead and of a considerable amount of personal property. Appellant's contention that the rights of respondent in the homestead would be the same under the will as under the statute, and that the order in question should, for that reason, be deemed to affect only personal property, cannot be sustained. As the order sets aside the provision of the will, and leaves the rights of respondent in the real estate to be determined by the laws of descent, we could hardly say that it did not involve real estate, even if the rights given by the will were the same as those given by the statute. But they are not the same. The statute gives the surviving spouse a life estate in the homestead which he can use, sell or encumber as he pleases. The will gives the homestead to the daughter of a prior marriage with merely a provision that the husband "shall have the exclusive control" of it during his lifetime.

The order, insofar as it relates to or affects the homestead, is not appealable. We will assume that the appeal may be construed as an appeal from so much of the order as relates to or affects personal property, and consider whether that part of the order is appealable. The order decrees that respondent shall have and take his distributive share of the estate under the statute the same as if the decedent had died intestate. The statute gives an appeal from an order or decree by which a "distributive share is allowed or payment thereof directed, or such allowance or direction refused."

The order does not purport to assign or distribute the property or any part thereof. It merely decides that respondent's rights are to be determined by the statute and not by the will. It does not give respondent the right to any specific property, or to any specific part or amount of the property. A further order or decree is necessary to carry it into effect. Before respondent will be in position to demand or receive any part of the property, a further order or decree must be made assigning it to him. Dunnell, Probate Law §§ 1060, 1087. It is the general rule that no appeal lies from the action of a court which requires a subsequent order or judgment to give it effect. The appeal should be taken from the order or judgment which gives effect to the conclusion reached by the court, not from what is, in effect, its findings of fact or conclusions of law. We think that respondent's claim to a distributive share of the personal property is not "allowed" within the meaning of the statute, until an order or decree is made under which he is entitled to demand or receive it, or some part of it.

Respondent claims the distributive share of the property given to a surviving spouse by the statute. The interlocutory order decreeing that he is entitled to such share may be reviewed, and his right to it be determined, on an appeal from the final decree. Knutson v. Krook, 111 Minn. 352, 127 N. W. 11, 29 Ann. Cas. 852. Also on an appeal from a decree making a partial distribution, if one should be made.

We concur in the conclusion reached by the learned trial court, and its order is affirmed.