BARBARA REMICK COY, APPL'T.

Kennebec. Opinion June 10, 1927.

*To disqualify a witness to a will on the ground of being beneficially interested under the will, it must appear that such interest to be beneficial within the meaning of the statute must be such an interest as results in appreciable pecuniary gain.*

In this case the witness will with other members enjoy greater club comforts which will be a benefit, but not, within the meaning of the statute, a pecuniary benefit.

The chance that the witness may be benefitted by reduction of club dues; the possibility that he may be saved from liability for club debts; the contingency that he may receive a share of accrued income upon the club's dissolution are so remote, uncertain and contingent that they have no present pecuniary value.

On exceptions by appellant. The will of W. B. Waterman was allowed in the probate court for Kennebec County and an appeal to the Supreme Court of Probate was taken by Barbara Remick Cox, sole heir. A hearing was had without the intervention of a jury and the decree below was affirmed and to the decree by the single justice appellant excepted. Exceptions overruled.

The case fully appears in the opinion.

*Merrill & Merrill,* for appellant.

*John E. Nelson and Ralph W. Farris,* for appellee.

SITTING:  WILSON, C. J., DEASY, STURGIS, BARNES, BASSETT, JJ.

DEASY, J.  By the will of the late W. B. Waterman the sum of fifteen thousand dollars was left in trust for the Abnaki Club of Augusta.  Of the three witnesses to the will, one, Ralph W. Farris, was a resident member of the Abnaki Club.

The only alleged ground of objection to the probate of the will is that said Ralph W. Farris by reason of his membership in the club was at the time of attestation beneficially interested under the will and not a credible witness.

The clause of the will by reason of which Mr. Farris is alleged to be disqualified as a witness reads thus:—

"I give and bequeath the sum of fifteen thousand dollars to Hiram L. Pishon of Augusta, Maine, as trustee for the Abnaki Club, a voluntary association located at said Augusta, in the County of Kennebec and State of Maine, upon trust, that the said trustee shall pay over the income of said sum to the Treasurer of the said Abnaki Club annually at the end of each calendar year, the said income to be used by the Club as its officers and directors may in their discretion deem advisable;  provided that the said Abnaki Club retains its present location on the second floor of the Masonic Temple in said Augusta and in the event that the said Club moves from its present location, disbands or dissolves, then this bequest becomes void as to said Abnaki Club, and I give and bequeath the said sum to my residuary devisees and legatees hereinafter named."

The Abnaki Club is an unincorporated association.  Its objects as appears by Section 1 of its by-laws are "the maintenance of suitable rooms for the use of its members in common; the promotion among them of friendly intercourse and such other social purposes as the Club may ordain."

The Club's expenses are paid by dues which are fixed by the by-laws at ten dollars annually for resident and five dollars annually for non-resident members.  Membership may be forfeited for non-payment of dues or for misconduct.

Wills are in this State required to be subscribed by "three credible attesting witnesses not beneficially interested under the will."  R. S. Chap. 79, Sec. 1.  That the term "credible" is to be construed as meaning "competent" has been decided by so many courts and cases

Vol. 126—18

that it is unnecessary to cite any. It is not contended that Mr. Farris is an incompetent witness for any reason other than his interest as a member of the Club. The question is therefore whether Ralph W. Farris by reason of his membership in the Abnaki Club was at the time the will was made, beneficially interested under it.

We do not find that this precise situation,—a bequest to an unincorporated social club witnessed by a member, — has ever been passed upon by any court.

In numerous cases questions somewhat analagous have been considered and decided. We summarize here the pertinent Maine cases and some of the principal authorities in other jurisdictions, first listing those cases wherein witnesses have been held competent.

### Witness Held Not Beneficially Interested.

Bequest to a town witnessed by a tax payer of same town.

*Piper* vs. *Moulton* 72 Me. 155.  *Marston et al Petnrs.* 79 Me. 25.  *Hitchcock* vs. *Shaw* 160 Mass. 140.  *In re Potter's Will* 89 Vt. 361, 95 At. 646.

Bequest to a religious or charitable society, parish or lodge, witnessed by a member.

*Warren* vs. *Baxter* 48 Me. 193.  *Trust Co.* vs. *Bixby* 247 Mass. 449.  *Haven* vs. *Hilliard* 23 Pick 10, *Loring* vs. *Park* 7 Gray 42.  Re Wills Estate 67 Minn. 335, 69 N. W. 1090.  *Quinn* vs. *Shields* 62 Iowa 129, 17 N. W. 440.

Bequest to corporation witnessed by stockholder. *Marston et al Petnrs.* 79 Me. 25.  In this case the corporation was one devoted largely to public purposes. In effect and meaning the Court says that a witness is not necessarily incompetent by reason of being a stockholder in a corporation legatee.

### Witness Held Benefically Interested.

Will witnessed by wife of devisee.

        *Clark et al Applt.* 114 Me. 105.

        *Sullivan* vs. *Sullivan*, 106 Mass. 474.

Will witnessed by H. who had a bequest in the will to take effect only if F. predeceased the testatrix. *Castine Church Applt.* 91 Me. 416.

### Rules for Determining Whether Interest Beneficial.

Courts have undertaken to establish rules for determining whether an interest derived by a witness under a will is such a beneficial interest as to be disqualifying.

The Vermont Court says in effect that to be disqualifying such interest must be "fixed, certain, vested and pecuniary." *Re Potter's Will* supra.

Our own Court in the same connection uses the words "present, certain, legal, vested and not uncertain or contingent." *Warren vs. Baxter* supra., and in another case "a direct and certain pecuniary interest." *Marston et als Petnrs. supra.*

It is undoubtedly true that an interest which is direct, certain, vested and pecuniary is a beneficial interest. But an interest which is indirect, uncertain and contingent may be "beneficial." The interest derived by the wife of a devisee is neither direct nor certain. But she is disqualified. *Clark et als Applt. supra.*

In the Castine Church case supra the interest of H. was uncertain and contingent, but she was held incompetent as a witness.

We think the true principle deducible from all the authorities is that such an interest to be beneficial must be one that will result in an appreciable pecuniary gain to the witness.

"The true test of the interest of a witness is that the witness will either gain or lose financially." *Boyd* vs. *McConnell* (Ill.) 70 N. E. 649.

Witness not disqualified when "the precise interest of such witness cannot be measured or ascertained." *Jones* vs. *Habersham* 63 Ga. 146.

"The witness beneficially interested under the will is one gaining by and under its provisions." *Smalley* vs. *Smalley*, 70 Me. 545.

If an interest under a will is direct, certain, vested and pecuniary it is a "beneficial interest." If however it be indirect, uncertain and contingent it may still be a "beneficial interest" if it has a present appreciable pecuniary value so that the witness may reasonably be said to gain financially because of it.

The tax payer and the society member in the cases above cited received no interest having any present pecuniary value.

On the other hand the wife's interest in her husband's devise, while indirect and uncertain, has an appraisable value.

Indeed, under certain circumstances the statute provides for its appraisal. R. S. Chap. 80, Sec. 19.

A bequest like that in the Castine Church case, supra, while contingent and uncertain yet has an appreciable value. The chances of survivorship create the contingency. Certainty cannot be predicated of human life, but legal expectancy may be.

Apply this test to the case at bar:—

If we assume that Mr. Farris with other Club members will enjoy greater club comforts or luxuries by reason of the bequest, this is not a pecuniary benefit. According to all authorities the statute disqualifies only witnesses who receive pecuniary i. e. property benefits under the will.

The chance that the witness may be benefitted by a reduction of club dues; the possibility that he may be saved from liability for club debts; the contingency that he may receive a share of accrued income upon the club's dissolution are so remote, uncertain and contingent that they have no present pecuniary value. It cannot be reasonably claimed that the bequest results in any financial gain to the witness.

Mr. Farris was not beneficially interested under the will.

*Exceptions overruled*